UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KELLEY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>AW DISTRIBUTING, INC., et al.,<br><br>    Defendants. | Case No. 20-cv-06942-JSW<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 173 |

Now before the Court for consideration is the motion to dismiss filed by Walmart, Inc., Wal-Mart Stores, Inc., Wal-Mart Stores East, LP, and Wal-Mart Stores East, LLC (the "Walmart Defendants"). Defendants AW Distributing, Inc., AW Product Sales & Marketing, Inc., Kennic Ho, Alice Wong, and AW & Ho (Holdings), Inc. (the "AW Defendants") and Daiho Sangyo, Inc. ("Daiho") join in the motion. Unless otherwise noted, the Court will refer to the Defendants collectively as the "Moving Defendants." The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it HEREBY DENIES the motion to dismiss.

## BACKGROUND

On November 3, 2018, a group composed of Girl Scouts and their parents was picking up trash on the side of a highway near Chippewa Falls, Wisconsin. Plaintiffs allege that non-party Colten Treu ("Treu") drove off the highway and struck and killed several members of that group, including Plaintiffs' relatives.

In brief, Plaintiffs allege the Moving Defendants manufacture and/or distribute and sell a dust removal product called Ultra Duster, which Plaintiffs claim individuals use to get high. According to Plaintiffs, despite representations that Ultra Duster contains a "bittering agent" to prevent inhalant abuse, that agent did not effectively prevent individuals from inhaling Ultra

Duster. Plaintiffs bring claims under California law against the Moving Defendants for wrongful death, strict products liability based on design defects, manufacturing defects, and failure to warn, negligence, breach of express and implied warranties, public nuisance, violations of California's Unfair Competition Law and California's False Advertising Law, negligent infliction of emotional distress, as well as a survival claim.

On January 12, 2021, the Court denied the AW Defendants' motion to transfer this case to Wisconsin, which the Wal-Mart Defendants joined, because the Court concluded the AW Defendants failed to meet their burden under 28 U.S.C. section 1404. (Dkt. No. 71.)

In November 2021, Plaintiffs' counsel filed a complaint in the Circuit Court for Chippewa County Wisconsin on behalf of different plaintiffs that arises out of the same fatal accident and asserts many of the same claims asserted in this case, albeit under Wisconsin law. *Zwiefelhofer, et al., v. AW Distributing, Inc., et al.*, No. 21CV282.[1] (Declaration of Megan Wessel ("Wessel Decl."), ¶ 2, Ex. A (*Zwiefelhofer* Complaint).)

The Wal-Mart Defendants now move to dismiss and, in the alternative, ask the Court to abstain in favor of the *Zwiefelhofer* action.

**ANALYSIS**

**A.  Motion to Dismiss for Failure to Join Required Parties.**

Wal-Mart moves to dismiss on the basis that Treu, his passenger John Stender, and the *Zwiefelhofer* plaintiffs are required parties who cannot be joined.[2] In order to determine whether dismissal is appropriate, the Court engages in "three successive inquiries." *EEOC v. Peabody*

---

[1] Plaintiffs argued that the AW Defendants failed to meet their burden to show they would be subject to personal jurisdiction in Wisconsin. In the *Zwiefelhofer* action, Plaintiffs rely on the AW Defendants' arguments in that motion to allege the AW Defendants *are* subject to personal jurisdiction in Wisconsin. (*Zwiefelhofer* Complaint ¶ 20.) The AW Defendants answered and asserted lack of personal jurisdiction as a defense. (Dkt. 190, Plaintiffs' Request for Judicial Notice ("RJN"), Ex. 6 (AW Defendants Answer ¶¶ 16, Ninth Affirmative Defense).)

[2] The Moving Defendants did not file a motion dismiss under Federal Rule of 12(b)(7) for "failure to join a party under Rule 19" before they answered. If a defendant does not assert that defense in a Rule 12(b) motion, it may raise it in any pleading allowed under Rule 7(a), by a Rule 12(c) motion, or at trial. The Moving Defendants raised Rule 19 in their affirmative defenses. (Dkt. No. 81, Wal-Mart Defendants Answer, 27th Affirmative Defense; Dkt. Nos. 78 and 79, AW Defendants' Answers, ¶ 362; Dkt. No. 131, Daiho Answer, 26th Affirmative Defense.)

2

*Western Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005) ("*Peabody Western*"). First, the Court must determine whether the absent party is a "required" party. *Id.*; see also Fed. R. Civ. P. 19(a). Second, the Court must determine if joinder is feasible. *Id.* Third, if joinder is not feasible, the Court must consider whether the case can continue without that party or whether dismissal is appropriate. *Id.* Because the Court concludes the Moving Defendants fail to show that Treu, Stender, and the *Zwiefelhofer* plaintiffs are required, the Court does not reach the subsequent inquiries.

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

### 1. The *Zwiefelhofer* Plaintiffs.

The Wal-Mart Defendants argue that the *Zwiefelhofer* plaintiffs are required because proceeding without them "will expose the existing defendants to a substantial risk of incurring double or inconsistent obligations." (MTD at 11:10-12; Reply at 7:21-23.) However, the Wal-Mart Defendants never identify those inconsistent or double obligations.[3]

> "[I]nconsistent obligations," are not ... the same as inconsistent adjudications or results. Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum.

*Cachil Dehe Bend of Wintun Indians of the Colusa Indian Cmty. v. California*, 547 F.3d 962, 976 (9th Cir. 2008) (quoting *Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (1st Cir. 1998)).

The Court concludes the Moving Defendants have not met their burden to show the

---

[3] The AW Defendants and Daiho also do not specify how they might be subject to double or inconsistent obligations.

3

*Zwiefelhofer* plaintiffs are required.

### 2. Treu and Stender.

The Wal-Mart Defendants do not suggest that Treu or Stender have claimed an interest in this litigation and appear to focus their argument on Rule 19(a)(1)(A), which requires joinder if complete relief is not available without their presence. "The term "complete relief" in Rule 19(a) refers to relief between the *named parties*, not as between a named party and an absent person sought to be joined." *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 904 (C.D. Cal. 2011) (emphasis added). "This factor is concerned with consummate rather than partial or hollow relief as to those already parties." *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983).[4]

Treu has been sentenced to 54 years in prison for his role in this accident, and the transcript of his sentencing hearing suggests that Stender also played a role in the accident. (Wessel Decl., ¶ 4, Ex. C (Sentencing Transcript at 29:20-30:14, 82:24-83:15)). In support of their argument, the Wal-Mart Defendants rely, in part, on *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 559 (5th Cir. 1985). In that case, the plaintiffs failed to join a subsidiary and attempted to hold a named defendant liable "not for its own acts" but for those of the unnamed subsidiary. *Id.*

In contrast to *Freeman*, Plaintiffs, through their product liability and negligence claims, *are* attempting to hold the Moving Defendants liable for their actions. "It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990). The Wal-Mart Defendants do not persuasively argue why they cannot defend against those claims without joining Treu and Stender and why the Court would be unable to fashion meaningful relief among the existing parties. In addition, the Wal-Mart Defendants do not explain why discovery from Treu and Stender would be insufficient to establish their superseding cause defense.[5] *Cf. Trans Pac. Corp. v. South Seas*

---

[4] Another purpose of Rule 19 is to preclude "multiple lawsuits on the same cause of action." *Id.* As discussed below, however, the two lawsuits involve different plaintiffs.

[5] The AW Defendants have stated they intend to move to notice Treu's and Stender's depositions. (Dkt. No. 189, Declaration of Jessica Pettit, ¶ 4, Ex. B.)

*Enters. Ltd.*, 291 F.2d 435, 436 (9th Cir. 1961) ("Appellee's argument confuses the role of the absent persons as witnesses with their role as parties."); *Monster Film Ltd. v. Martinen*, No. 16:cv-01414-ODW, 2017 WL 8220123, at *3 (C.D. Cal. Mar. 3, 2017) ("The mere fact ... that Party A, in a suit against Party B, intends to introduce evidence that will indicate that a non-party, C, behaved improperly does not, by itself, make C a necessary party.") (quoting *Pujol v. Shearson/American Express*, 877 F.2d 132, 136 (1st Cir. 1989)). The Court concludes the Moving Defendants have not demonstrated that Treu and Stender are required parties.

Accordingly, the Court DENIES the motion to dismiss.

**B.     Abstention.**

The Wal-Mart Defendants also ask the Court to abstain and argue the *Zwiefelhofer* case presents "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result" in this case. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 814 (1976).[6] In particular, the Wal-Mart Defendants argue that Wisconsin has enacted laws that substantially limit liability for allegedly defective products and wrongful deaths.

A district court has discretion under the doctrine of abstention to "decline to exercise or postpone the exercise of its jurisdiction." *Colo. River*, 424 U.S. at 813.

> The doctrine of abstention . . . is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest.

*Id.* (citing *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959)).

Abstention rests on "considerations of proper constitutional adjudication and regard for federal-state relations." *Id.* at 817. Under the *Colorado River* doctrine, if federal and state courts have concurrent jurisdiction over a matter, the federal court may stay or dismiss a case due to the

---

[6]     This particular portion of *Colorado River* cites to *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). However, the Wal-Mart Defendants' argument focuses on the factors relevant to abstention under *Colorado River*. The Court also concludes that *Burford* abstention would not be appropriate. *See, e.g., U.S. v. Morros*, 268 F.3d 695, 704-05 (9th Cir. 2001).

5

presence of a concurrent state proceeding. *Id.* at 818. "When a district court decides to . . . stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 28 (1983).

As a threshold issue, the Court considers whether the two cases are "substantially similar" although "exact parallelism" is not required. *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989). That threshold issue overlaps with one of the factors used to determine whether there are "exceptional circumstances" warranting abstention: would resolution of the *Zwiefelhofer* action resolve all the issues in this case? *Id.* at 1416. Wal-Mart argues that "*if*" Plaintiffs joined the *Zwiefelhofer* action, the answer would be yes. Because Plaintiffs are not parties to *Zwiefelhofer*, that action will not resolve all material issues in this case. "Under the rules governing the *Colorado River* doctrine, the existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes the granting of a stay." *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993).

Accordingly, the Court concludes the Moving Defendants have not shown abstention is warranted.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Wal-Mart Defendants' motion to dismiss and to abstain.

IT IS SO ORDERED.

Dated: May 25, 2022

_____
JEFFREY S. WHITE
United States District Judge

6