UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KELLEY, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>AW DISTRIBUTING, INC., et al.,<br><br>    Defendants. | Case No. 20-cv-06942-JSW<br><br>**ORDER DISCHARGING, IN PART, ORDER TO PLAINTIFFS TO SHOW CAUSE** |

Plaintiffs asserted claims under California's Unfair Competition Law ("UCL") and its False Advertising Law ("FAL"), which provide for restitution and injunctive relief but not damages.[1] Article III standing is jurisdictional. In addition, "a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Town of Chester, N.Y v. Laroe Estates, Inc.*, 137 S. Ct 1645, 1650 (2017) (quoting *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008)).[2] On June 8, 2022, the Court issued an Order to Plaintiffs to show cause why these claims should not be dismissed for lack of Article III standing. The Court has received and considered Plaintiffs' response, in which they state they intend to dismiss the FAL claim.

Plaintiffs respond that they have alleged economic injury that was caused by the Defendants in the form of loss of financial support, loss of consortium, and "other similar losses."

---

[1] Although restitution is available as a form of relief, a plaintiff may not recover non-restitutionary disgorgement of profits under the UCL. *Korea Supply Co. v. Lockheed Martin Co.*, 29 Cal. 4th 1134, 1146-1152 (2003).

[2] A plaintiff seeking relief under the UCL also must show they lost money or property as a result of the defendant's conduct. *See* Cal. Bus. Code §§ 17204, 17535.

(Dkt. No. 214, Response to Order to Show Cause ("Response") at 5:19 (citing First Amended Complaint ¶¶ 224-232).)³  The Court concludes these allegations are sufficient to *allege* Article III and statutory standing under the UCL.  *See, e.g., Kwikset Corp. v. Sup. Ct.*, 51 Cal. 4th 310, 335-36 (2011) (reaffirming that standards to establish standing and eligibility for restitution are distinct).  However, Plaintiffs also must establish standing for each form or relief they seek.  *Town of Chester*, 137 S.Ct. at 1650.

To satisfy Article III's requirements to seek injunctive relief, Plaintiffs must show they have suffered or are "threatened with a 'concrete and particularized' legal harm, *coupled with* a 'sufficient likelihood that [they] will again be wronged in a similar way.'"  *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) and *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).  The latter inquiry turns on whether the plaintiff has a "real and immediate threat of repeated injury."  *Id.*  The threat of future injury cannot be "conjectural or hypothetical" but must be "certainly impending" to constitute an injury in fact for injunctive relief purposes.  *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018).  In their response, Plaintiffs do not address the Article III standing requirements to seek injunctive relief, and the Court concludes the allegations are not sufficient to allege it is likely they will again be wronged in a similar way.

Accordingly, although the Court will not dismiss the UCL claim, it concludes Plaintiffs lack Article III standing to pursue injunctive relief.

**IT IS SO ORDERED**.

Dated: July 12, 2022

_____
JEFFREY S. WHITE
United States District Judge

---

³  Although Plaintiffs' claim under the UCL includes allegations about the AW Defendants allegedly false and misleading warnings, they assert their UCL claim is not grounded in fraud and is premised on unfair and unlawful business practices.  (Response at 6:13-15.)