UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KELLEY, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>AW DISTRIBUTING, INC., et al.,<br><br>    Defendants. | Case No. 20-cv-06942-JSW<br><br>**ORDER GRANTING, IN PART, AND DENYING IN PART PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 242 |

The Court has received and considered Plaintiffs' administrative motion to seal exhibits filed with their opposition to Daiho Sangyo's motion for summary judgment. The Wal-Mart Defendants designated Exhibit B as confidential, and the AW Defendants designated Exhibit I as confidential. The Wal-Mart Defendants have filed a response, in accordance with Northern District Civil Local Rule 79-5 and agreed to de-designate some of the documents.[1] The AW Defendants did not file a response, but the Wal-Mart Defendants included an argument as to why portions of Exhibit I should be maintained under seal.

"[P]ublic access to filed motions and their attachments … will turn on whether the motion is more than tangentially related to the merits of case." *Ct'r for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Daiho Sangyo's motion is more than tangentially related to the merits of this case, and the Court applies the "compelling reasons" standard. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

> [C]ompelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as

---

[1] Plaintiffs do not bear the burden to establish that documents designated by other parties as confidential should be sealed.

> the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. … The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id.* at 1179.

The Court finds Wal-Mart's response demonstrates compelling reasons to seal documents, or portions thereof, that they have not de-designated as confidential. In addition, the Court does not need to rely on many of those documents to resolve the motion, which lessens the "public interest in understanding the judicial process … and the bases or explanations for a court's decision." *Ct'r for Auto Safety*, 809 F.3d at 1102 (internal citations and quotations omitted); *cf. In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013).

Accordingly, the Court GRANTS, IN PART, AND DENIES, IN PART Plaintiffs' administrative motion. Plaintiffs and the Wal-Mart Defendants shall meet and confer as that term is defined in the Local Rules before Plaintiffs' file revised redacted versions of those exhibits to be filed in the public record.

IT IS SO ORDERED.

Dated: February 2, 2023

_____
JEFFREY S. WHITE
United States District Judge