UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KELLEY, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>AW DISTRIBUTING, INC., et al.,<br><br>    Defendants. | Case No. 20-cv-06942-JSW<br><br>**ORDER DENYING DAIHO SANGYO, INC.'S MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 295 |

Now before the Court for consideration is the motion for reconsideration filed by Daiho Sangyo, Inc. ("Daiho"). The Court has considered the parties' papers, relevant legal authority, and the record in this case. Daiho moves the Court to reconsider the Order denying Daiho's motion for summary judgment on Plaintiffs' negligence claim. Under Local Rule 7-9(b), reconsideration may be sought, *inter alia,* if there was a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before issuance of such order. N.D. Civ. L.R. 7-9(b)(3).

Daiho argues the Court manifestly failed to consider dispositive legal arguments because: (1) it concluded that Wisconsin Statute section 895.046 applied to Plaintiffs' negligence claims; and (2) it determined that Plaintiffs failed to put forth evidence to create a disputed issue of fact about whether Daiho manufactured, distributed, sold, or promoted the can of Ultra Duster involved in the accident. Daiho argues those facts necessarily determine it cannot be held liable on the negligence claims.

When the Court granted Daiho leave to file this motion, it noted that if Daiho had additional authority to support its position that non-manufacturer designers cannot be held liable for negligence, it should include that authority in its motion. Daiho has not presented the Court

with any new authority and relies on the arguments the Court considered, and rejected, when it denied the motion for summary judgment.

A party seeking leave to file a motion for reconsideration may not reargue any written or oral argument previously asserted to the Court. N.D. Civ. L.R. 7-9(c); *see also United States v. Hector*, 368 F. Supp. 2d 1060, 1063 (C.D. Cal. 2005), *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007) ("A motion for reconsideration is not to be used as a means to reargue a case or to ask a court to rethink a decision it has made."). Although the Court could deny Daiho's motion on that basis, it will not. However, having considered the arguments anew, it finds no basis to revisit its decision.

Accordingly, the Court DENIES Daiho's motion for reconsideration.

**IT IS SO ORDERED**.

Dated: May 18, 2023

_____
JEFFREY S. WHITE
United States District Judge